IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| DAVID E. MACK | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Case No. 4:11CV731 |
| | § | |
| FIRST SOURCE ADVANTAGE, LLC | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION, ORDER AND REPORT AND RECOMMENDATIONS OF
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Now before the Court are Plaintiff's Motion for Entry of Default Judgment (Dkt. 9) and Plaintiff's Motion in Opposition to Order Granting Defendant's Motion for Enlargement of Time (Dkt. 13). As fully set forth below, the Court finds that both motions should be DENIED.

On December 8, 2011, the Clerk Entered Default as to Defendant Firstsource Advantage LLC (*see* Dkt. 8), and on December 9, 2011, Plaintiff filed his Motion for Entry of Default Judgment. On December 22, 2011 – less than two weeks later and before the response to the motion for default judgment was due under this Court's Local Rules – Defendant's attorney entered a notice of appearance and filed a motion for extension of time to answer or otherwise respond to the suit (*see* Dkt. 11). The Court granted that request and gave Defendant until January 10 to answer the suit (*see* Dkt. 12). On January 10, 2012 – in accordance with the Court's deadline – Defendant filed its answer, denying some of Plaintiff's allegations and asserting several affirmative defenses (*see* Dkt. 15). Plaintiff objects to the Court's extension and seeks default judgment.

1

Under Federal Rule of Civil Procedure 55, default is appropriate if a defendant has "failed to plead or otherwise defend" the suit. FED. R. CIV. P. 55(a). Defendant has now appeared in this suit, making default inappropriate. Default judgments are "generally disfavored in the law" and thus "should not be granted on the claim, without more, that the defendant had failed to meet a procedural time requirement." *Mason & Hanger-Silas Mason Co. v. Metal Trades Council,* 726 F.2d 166, 168 (5th Cir. 1984).

Having reviewed the record, the Court finds that the clerk's entry of default (Dkt. 8) should be set aside. A court may set aside an entry of default "for good cause shown." FED. R. CIV. P. 55(c). "[T]he requirement of 'good cause' ... ha[s] generally been interpreted liberally." *Amberg v. Federal Deposit Ins. Corp.*, 934 F.2d 681, 685 (5th Cir. 1991). Courts will look at the following factors to determine whether there is good cause to set aside a default: (1) whether the failure to act was willful; (2) whether setting the default aside would prejudice the adversary; and (3) whether a meritorious claim has been presented. *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000). These factors are not exclusive, but are to be regarded simply as a means to identify good cause. *Effjohn Intern. Cruise Holdings, Inc. v. A&L Sales*, 346 F.3d 552, 563 (5th Cir. 2003); *Dierschke v. O'Cheskey*, 975 F.2d 181, 184 (5th Cir. 1992). Other factors, such as whether the party acted expeditiously to correct the default, may also be considered. *Id.*

In light of these guiding principles and especially having considered that Defendant sought to address the matter within less than two weeks of the entry of default, the Court finds that there is such good cause to set aside the Clerk's Entry of Default. The claims against Defendant are in their infancy (indeed, Defendant made its first appearance within six weeks of suit being filed), and the

Court does not find a sufficient showing of actual prejudice to Plaintiff to warrant the entry of default. There is no indication that the failure to answer was willful. While the Court stresses the importance of strictly complying with all deadlines henceforth in the case, the Court finds that such neglect is not sufficient to let the default stand at this point in the case. The Court has issued its order for Rule 26(f) report, and Defendant is now actively defending the claims against it and has retained counsel. The Court will address the merits of the defenses before it.

**Defendant is strongly cautioned, however, that any future failures to promptly respond to the Court or Plaintiff may result in appropriate sanctions. Finally, the Court notes that Defendant is responsible for serving any of its pleadings on pro se Plaintiff. Any pleadings not already served shall be so served on Plaintiff within five (5) days of the date of this Order.** *See* FED. R. CIV. P. 5(b)(2).

Because Defendant is now actively participating in defending the claims against it, the Clerk's Entry of Default, Docket Entry Number 8, shall be **VACATED** and the Court finds that Plaintiff's Motion for Entry of Default Judgment (Dkt. 9) and Plaintiff's Motion in Opposition to Order Granting Defendant's Motion for Enlargement of Time (Dkt. 13) should be **DENIED**.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(C).

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual

findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 8th day of February, 2012.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE